UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA


v.                              CRIMINAL ACTION NO. 2:17-00004


JEFFREY PHELIX


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER


On December 19, 2022, the United States of America
appeared by Troy Daniel Adams, Assistant United States Attorney,
and the defendant, Jeffrey Phelix, appeared in person and by his
counsel, Rhett H. Johnson, Assistant Federal Public Defender,
for a hearing on the petition seeking revocation of supervised
release submitted by United States Probation Officer Kylee M.
Boring.  The defendant commenced a thirty-six (36) month term of
supervised release in this action on June 28, 2021, as more
fully set forth in the Judgment in a Criminal Case Order entered
by the court on July 3, 2017.

The court heard the admissions of the defendant, and the representations and arguments of counsel.  The court notes that the Government stated it would not pursue the violations set forth in violation number 1 of the petition.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows:  1) On August 4 and August 17, 2022, the defendant submitted a urine sample that tested positive for methamphetamine, fentanyl, and Suboxone, and the defendant did not possess a valid prescription for Suboxone on either date; 2) on September 26, and September 27, 2022, the probation officer instructed the defendant to attend an October 4, 2022, meeting with the probation officer, and the defendant failed to report to the probation office as instructed; 3)on September 28, 2022, and October 4, 2022, the defendant was questioned by law enforcement officers and failed to notify the probation officer of his questioning by law enforcement within 72 hours after such contact; 4) on June 30, 2021, the defendant was instructed by his probation officer to attend individual counseling sessions

2

twice per month and attend random urine screening twice per month, and the defendant failed to attend counseling session in April, June, and July, 2022, and failed to submit a random urine screen on June 22, 2022; 5) on August 30, 2022, the defendant was instructed to enter a residential substance abuse treatment program and on September 8, 2022, he entered the program and on September 11, 2022, the defendant left the residential treatment program against the advice of the program and without permission from his probation officer; all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to

3

the extent set forth below, it is accordingly ORDERED that the
defendant be, and he hereby is, committed to the custody of the
United States Bureau of Prisons for imprisonment for a period
of TEN (10) MONTHS, to be followed by TWENTY SIX (26) MONTHS of
supervised release, upon the same terms and conditions as
heretofore, including the requirement that the defendant
participate in drug abuse counseling and treatment and random
drug screens as directed by the probation officer.

Defendant requested and the court recommends that the
defendant be housed as close to Charleston, West Virginia, as
feasible.

The defendant was remanded to the custody of the
United States Marshal.

The Clerk is directed to forward copies of this
written opinion and order to the defendant, all counsel of
record, the United States Probation Department, and the United
States Marshal.

DATED:  December 20, 2022

John T. Copenhaver, Jr.
Senior United States District Judge

4